United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 7, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40105
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCISCO CASTILLO-RODRIGUEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(5:04-CR-1535-ALL)
--------------------

Before KING, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Francisco Castillo-Rodriguez ("Castillo")
appeals from his guilty-plea conviction for attempted reentry of a
deported alien, in violation of 8 U.S.C. § 1326. Castillo contends
that his sentence should be vacated and remanded because the
district court sentenced him under the mandatory Guidelines scheme
held unconstitutional in United States v. Booker, 125 S. Ct. 738
(2005). He also argues that the district court erroneously

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

determined his prior state conviction for simple possession of cocaine is an aggravated felony.

As the district court sentenced Castillo under a mandatory Guidelines regime, it committed Fanfan error. See United States v. Valenzuela-Quevado, 407 F.3d 728, 733 (5th Cir.), cert. denied, 126 S. Ct. 267 (2005); see also United States v. Walters, 418 F.3d 461, 463 (5th Cir. 2005)(discussing the difference between Sixth Amendment Booker error and Fanfan error). "[I]f either the Sixth Amendment issue presented in Booker or the issue presented in Fanfan is preserved in the district court by an objection, we will ordinarily vacate the sentence and remand, unless we can say the error is harmless under Rule 52(a) of the Federal Rules of Criminal Procedure." United States v. Pineiro, 410 F.3d 282, 284-85 (5th Cir. 2005) (internal quotation marks and citation omitted). The government concedes that Castillo's objection on the basis of Blakely v. Washington, 542 U.S. 296 (2004), was sufficient to preserve his Fanfan claim.

We conclude that the government has not met its burden of showing beyond a reasonable doubt that the district court would have imposed the same sentence absent the error. See Pineiro, 410 F.3d at 286; United States v. Garza, 429 F.3d 165, 170-71 (5th Cir. 2005). We therefore VACATE Castillo's sentence and REMAND for re-sentencing. As the Fanfan error requires remand for re-sentencing, we need not address the other sentencing error claimed by Castillo. See United States v. Akpan, 407 F.3d 360, 377 n.62 (5th Cir. 2005).

Castillo also challenges the constitutionality of 8 U.S.C. § 1326(b).  His constitutional challenge is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998).  Although Castillo contends that <u>Almendarez-Torres</u> was incorrectly decided and that a majority of the Supreme Court would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding.  <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005).  Castillo forthrightly concedes that his argument is foreclosed by <u>Almendarez-Torres</u> and circuit precedent, but he raises it here solely to preserve it for further review.  Accordingly, Castillo's conviction is AFFIRMED.

CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED.